UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT LESHAWN
WILLIAMS,

    Petitioner,

v.

MARY BERGHUIS,

    Respondent.
_____/

Case No. 1:12-cv-1230

HON. JANET T. NEFF

## **OPINION**

Petitioner Roosevelt Leshawn Williams filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 (Dkt 1).[1] The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court dismiss the petition as time-barred under 28 U.S.C. § 2244(d) (Dkt 10). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Dkt 12). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

In the Report and Recommendation, the Magistrate Judge determined that under the one-year limitations period provided in 28 U.S.C. § 2244(d)(1)(A), Petitioner had until July 28, 2009 to file

---

[1] In his objections, Petitioner claims that the correct spelling of his middle name is Lashawn, rather than Leshawn (Dkt 12 at 1).

his habeas application (Dkt 10 at 4).  Because Petitioner did not file his application until October 15, 2012, "more than one year after the time for direct review expired," the Magistrate Judge determined that "absent tolling, his application is time-barred" (*id.*).  Having fully considered the arguments presented in Petitioner's objections, the Court finds no basis for disregarding the time-bar in this action.

In his objections to the Report and Recommendation, Petitioner first asserts that "[t]he Magistrate Judge has inadvertently overlooked the Habeas Corpus Petition" he allegedly submitted in "approximately late 2008-2009," and therefore improperly concluded that his petition is time-barred (Pet'r Obj., Dkt 12 at 2; R & R, Dkt 10 at 4).  However, Petitioner has presented no evidence to support his claim that he filed a habeas petition in "late 2008-2009" (Dkt 12 at 2), and while a query search indicates that Petitioner filed several cases pursuant to 42 U.S.C. § 1983 in 2008, it does not indicate that he filed a habeas corpus petition prior to October 15, 2012.  Even if so, Petitioner does not show how such filing warrants consideration of this subsequent petition.  Accordingly, Petitioner's unsubstantiated objection is denied as without merit.

Petitioner also argues that the Magistrate Judge erred in recommending the dismissal of his habeas petition because "'the district court ordinarily should not raise [the statute of limitations defense] sua sponte'" (Dkt 12 at 5) (quoting *Davis v. Bryan*, 810 F.2d 42, 44 (1987)).  Petitioner's assertion is not relevant to the Court's application of 28 U.S.C. § 2244(d)(1) in this case.  As the Magistrate Judge correctly stated in the Report and Recommendation, "[t]he Court may sua sponte dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d)" (Dkt 10 at 1) (citing *Day v. McDonough*, 547 U.S. 198, 209 (2006)).  Accordingly, Petitioner's objection is denied as without merit.

Petitioner further argues that the Magistrate Judge erred in determining that his habeas petition is time-barred because "Petitioner [has the] ability to raise issues of 'fraud on the court' and 'jurisdictional defect' at any time" (Dkt 12 at 6). Petitioner's assertion is contrary to the language of 28 U.S.C. § 2244(d)(1), which provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). As previously discussed, Petitioner failed to file his habeas petition within the one-year limitations period. Furthermore, as noted by the Magistrate Judge, Petitioner did not raise the issue of equitable tolling in this case (Dkt 10 at 5), and Petitioner has failed to show any factual basis for equitable tolling. Therefore, the Magistrate Judge properly determined that Petitioner's claims are time-barred under 28 U.S.C. § 2244(d)(1), and Petitioner's objection that he has the ability to "raise issues of 'fraud on the court' and 'jurisdictional defect' at any time" is denied as without merit (Dkt 12 at 6).

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

3

was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable with regard to any issue raised by Petitioner. A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Dated: May  3 , 2013                                    /s/ Janet T. Neff
                                                        JANET T. NEFF
                                                        United States District Judge